IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| TERRI-KARELE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>SMITH - LONGVIEW, INC.<br>d/b/a SANDY BEACH RESORT,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW, Terri-Karele Brown ("Plaintiff" or "Ms. Brown"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.      Plaintiff brings this action for damages and reasonable attorney fees against Defendant Smith - Longview, Inc. d/b/a Sandy Beach Resort ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pregnant Workers Fairness Act ("PWFA").

2.     This action seeks declaratory and injunctive relief and damages for discrimination on the basis of sex and pregnancy, and retaliation in violation of Title VII and the PWFA. Defendant discriminated against Plaintiff by subjecting her to disparate treatment, denying her opportunities for advancement, and ultimately terminating her employment because of her sex and pregnancy, and in retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Pregnant Workers Fairness Act.

4.     The unlawful employment practices alleged in this Complaint were committed within this district. Specifically, the discriminatory conduct occurred in Myrtle Beach, Horry County, South Carolina. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), venue is proper in the Florence Division of the United States District Court for the District of South Carolina.

## PARTIES

5. Plaintiff Terri-Karele Brown is a female citizen of the United States and is subject to the jurisdiction of this Court. Ms. Brown resides at 6100 Frontage Road, Unit No. 105, Myrtle Beach, SC 29577.

6. Ms. Brown was employed by Defendant from March 6, 2023, through March 18, 2024, initially as a temporary employee and later as a permanent part-time Front Desk Agent.

7. At all times relevant, Defendant Smith - Longview, Inc. d/b/a Sandy Beach Resort was qualified and licensed to do business in South Carolina, and at all times material hereto has conducted business within this District at 201 S Ocean Blvd, Myrtle Beach, SC 29577.

8. During all times relevant hereto, Defendant has been a "person" engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in 2023 and/or 2024 and continuing to the present, and is therefore an "employer" as defined under Title VII in accordance with 42 U.S.C. § 2000e(b).

9. Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent Matthew R. Magee at 602 27 Ave North, 2nd Fl., Myrtle Beach, South Carolina 29577.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendant on March 6, 2023, through a temporary agency as a Front Desk Agent at Sandy Beach Resort.

11. On September 18, 2023, Defendant hired Plaintiff as a permanent part-time Front Desk Agent, working the second shift from 3:00 PM to 11:00 PM at a rate of $15.00 per hour.

12. Throughout her employment, Plaintiff performed her duties competently and professionally, receiving no disciplinary actions or negative performance reviews.

13. On February 2, 2024, Plaintiff learned she was pregnant, with a due date of October 6, 2024.

14. On February 4, 2024, Plaintiff informed her direct supervisor, Meeka Pantlitz, of her pregnancy and inquired about maternity leave options.

15. On February 5, 2024, Plaintiff met with General Manager David Savoca, who indicated that there were three to four full-time positions available at the resort.

16. Later that same day, Plaintiff met with HR Manager Charity Kratz, who contradicted Mr. Savoca's statement and denied that any full-time positions were available.

17. During this meeting, Ms. Kratz promised to respond to Plaintiff's inquiries about maternity leave options by February 12, 2024, but never did so.

18. Following Plaintiff's pregnancy disclosure, management began avoiding her and treating her differently than before her pregnancy announcement.

19. On March 11, 2024, Plaintiff discovered and applied for an advertised full-time Front Desk Agent position posted by Defendant on Indeed.com.

20. On March 18, 2024, Defendant terminated Plaintiff's employment, citing an alleged customer complaint as the reason for termination.

21. The purported customer complaint could not identify Plaintiff by name, and Defendant has provided no documentation or specific details about the alleged complaint.

22. Upon information and belief, Plaintiff's position was filled by Mary Forbes, an existing employee with six years of experience, who was not pregnant.

23. Defendant's management receives bonuses based on cost savings, including savings from maintaining employees at part-time status to avoid paying benefits.

24. By maintaining Plaintiff's part-time status and subsequently terminating her employment, Defendant avoided having to provide maternity benefits to Plaintiff.

25. Although Defendant purports to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment, this reason is pretext for discrimination based on Plaintiff's sex and pregnancy.

26. Defendant's discriminatory intent is evidenced by:

   a) The contradictory statements about full-time position availability;

   b) Management's changed behavior toward Plaintiff after her pregnancy disclosure;

   c) The timing of Plaintiff's termination shortly after applying for a full-time position;

   d) The inability to substantiate the alleged customer complaint;

   e) The financial incentive to avoid providing maternity benefits; and

   f) The pattern of avoiding response to Plaintiff's legitimate inquiries about maternity leave.

27. Plaintiff has satisfied all administrative prerequisites to filing suit. Specifically:

a) Plaintiff filed a Charge of Discrimination with the EEOC on April 3, 2024;

b) The EEOC issued a Notice of Right to Sue on November 12, 2024; and

c) This action has been filed within ninety (90) days of receipt of that Notice.

## CLAIMS FOR RELIEF

## COUNT I: SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

28. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of sex, including pregnancy, childbirth, and related medical conditions.

30. Defendant's actions in subjecting Plaintiff to different terms and conditions of employment after learning of her pregnancy, denying her opportunities for advancement, and ultimately terminating her employment constitute unlawful discrimination on the basis of sex and pregnancy in violation of Title VII.

31. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex and pregnancy.

32. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

33. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological, physical, and economic well-being.

34. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

35. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

36. The Pregnant Workers Fairness Act requires employers to provide reasonable accommodations to employees for known limitations related to pregnancy, childbirth, or related medical conditions, absent undue hardship.

37. Plaintiff informed Defendant of her pregnancy and made inquiries regarding maternity leave and full-time positions that would provide maternity benefits.

38. Defendant failed to engage in good faith in the interactive process regarding Plaintiff's pregnancy-related inquiries and requests.

39. Defendant's actions in failing to respond to Plaintiff's inquiries about maternity leave, providing contradictory information about full-time positions, and ultimately terminating her employment constitute violations of the Pregnant Workers Fairness Act.

40. As a direct and proximate result of these actions, Plaintiff has suffered damages including lost wages, benefits, and emotional distress.

### COUNT III: RETALIATION IN VIOLATION OF TITLE VII

41. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

42. Plaintiff engaged in protected activity when she:

    a) Informed Defendant of her pregnancy and requested information about maternity leave;

    b) Sought full-time employment that would provide maternity benefits; and

    c) Applied for an advertised full-time position.

43. Defendant retaliated against Plaintiff by:

    a) Avoiding her after she disclosed her pregnancy;

    b) Providing contradictory information about available positions;

    c) Failing to respond to her inquiries about maternity leave; and

    d) Terminating her employment.

44. There was a causal connection between Plaintiff's protected activities and the adverse employment actions taken against her, as evidenced by the temporal proximity between her pregnancy disclosure, application for full-time position, and termination.

45. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered damages including lost wages, benefits, and emotional distress.

46. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's federally protected rights, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    (a) A trial by jury as to all triable issues of fact.

    (b) Back pay and benefits, including but not limited to wages, bonuses, and other benefits that Plaintiff would have received but for Defendant's discriminatory conduct.

(c) Front pay and benefits in lieu of reinstatement;

(d) Compensatory damages for emotional distress, mental anguish, humiliation, and other non-pecuniary losses;

(e) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(f) Declaratory relief that Defendant has violated Plaintiff's rights under Title VII and the Pregnant Workers Fairness Act;

(g) Injunctive relief prohibiting Defendant from engaging in further discriminatory conduct of the type described herein;

(h) Reasonable attorney's fees and expenses of litigation;

(i) Prejudgment interest at the rate allowed by law;

(j) Post-judgment interest at the rate allowed by law; and

(k) All other relief to which she may be entitled.

Respectfully submitted this 31st of January, 2025.

**BARRETT & FARAHANY**

*s/ Constance Cooper*
Constance Cooper
SC Bar No. 103505

*Counsel for Plaintiff Terri-Karele Brown*

2921 Piedmont Road
Atlanta, GA 30305
(404) 214-0120
constance@justiceatwork.com
Fax: (404) 214-0125